# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SARAH KATHERN NELLES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | CASE NO. C17-1468 RJB<br><br>ORDER REVERSING DECISION AND REMANDING CASE |

This matter comes before the Court on review of the file herein.

**Procedural History.** On September 27, 2017, Plaintiff filed this civil action, alleging that the Social Security Administration improperly denied her application for disability insurance when the ALJ failed to properly consider the opinion of Plaintiff's longtime treating physician, David L. Stoller, M.D. Dkt. 1. Plaintiff argues that the Court should reverse the ALJ's decision and award her benefits. Dkt. 9. The Commissioner maintains that the ALJ properly discounted Dr. Stoller's opinion when the opinion was inconsistent with his treatment notes, he did not treat Plaintiff's anxiety, and he relied on Plaintiff's self-reports. Dkt. 10.

1     **Basic Data.** Born in 1980, Plaintiff has prior work experience as a telephone solicitor,

2 childcare provider, dishwasher, sandwich maker, and door-to-door salesperson. Tr. 26. She has

3 at least a high school education. *Id*.

4     **ALJ Decision**. The ALJ found: (1) that Plaintiff met the insured status requirements of

5 the Social Security Act; (2) that Plaintiff had not engaged in substantial gainful activity since

6 April 30, 2014; (3) that Plaintiff suffered from the following severe impairments: bilateral carpal

7 tunnel syndrome status post 2 release surgeries on the left and 2 release surgeries on the right,

8 diabetes, bilateral patellofemoral disorder, depressive disorder, anxiety disorder (posttraumatic

9 stress disorder ("PTSD") and panic disorder), borderline personality disorder, and alcohol abuse;

10 and that the impairments, even in combination, did not qualify under the Listings; (4) that the

11 Plaintiff has the residual functional capacity:

> . . . to perform light work as defined in 20 CFR 416.967(b) except she is able to occasionally climb, balance, kneel, stoop, crouch, and crawl; she is able to frequently handle and finger; she is limited to occasional exposure to hazardous conditions, such as proximity to unprotected heights and moving machinery; she is limited to tasks that can be learned in 30 days or less, involving no more than simple work-related decisions and few work place changes; she is limited to occasional and superficial public interaction; and is able to interact with coworkers on a casual or superficial basis, but she would not do well as a member of a highly interaction [sic] or interdependent work group.

17 that she has no past relevant work; and lastly, (5) that Plaintiff could perform other work existing

18 in the national economy, such as a blue print trimmer, small products assembler, office

19 cleaner/night cleaner/janitor, final assembler and sealer. Tr. 16-28. Accordingly, the ALJ

20 concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *Id*.

21     **Legal Standard.** The findings of the Commissioner of the Social Security

22 Administration are conclusive (42 U.S.C. § 405(g), and the decision of the Commissioner to

23

24

deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990).

## DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed and remanded for an immediate award of benefits (Dkt. 9) because of his mishandling of treating doctor Stoller's opinion, and the Commissioner maintains that the ALJ's decision should be affirmed, or if it is not, argues the case should be remanded for further proceedings (Dkt. 10).

"The opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant. Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007)(*internal citations and quotation marks omitted*). Where, as here, "the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Id.* "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

**ALJ Erred in the Treatment of Dr. Stoller's December 20, 2015 Opinion.**

The opinion at issue is found in a December 20, 2015 letter from Dr. Stoller, who has been providing Plaintiff care regularly over the last 10 years. TR. 675-676. The opinion provides:

> The primary disabling illness relates to her type I diabetes mellitus. [Plaintiff's] diabetes has been quite labile with widely fluctuating blood sugars. The wide fluctuations in blood sugars negatively affect her ability to concentrate, her memory and social functioning. Her symptom [sic] can be quite severe when her glucose is low. She has been making improvements of late, with the current use of an insulin pump. She continues to have episodes of hypoglycemia. . .

>     Recurrent carpal tunnel syndrome (compressive median neuropathy) has been a recurrent problem affecting sensation in the L hand. She had an initial surgical repair in 2011 and another this year, completed on October 27, 2015. She is still in a subacute recuperative phase. Time will tell if she has return of normal sensation and function to the L hand. This ongoing sensory and motor abnormality affects her ability to use the L hand repetitively and the painful dysesthesias impact[s] her ability to concentrate on tasks at hand.
>
>     The chronic pain the Leg [sic] leg is, by itself, not [a] disability but it adds to the entire picture of symptoms that are difficult for her to manage.
>
>     Ongoing chronic anxiety is her most difficult disabling condition to manage. She continues to have severe anxiety on a daily basis in spite of attempts at treatment. She cannot tolerate sedating psychoactive medications because she needs to be able to manage her diabetes which, without close attention can be life endangering. She continues to take alprazolam intermittently and has failed trials of SSRI (selective serotonin reuptake inhibitors). The anxiety affects her ability to participate in work that requires interpersonal contact and sustained concentration. . . .
>
>     I expect that she would miss quite a bit of work because of decompensations and deteriorations. Her inability to sustain concentration during a work day would make physical work dangerous and an unreliable cognitive worker. Her anxiety could make contact with fellow employees, employers and the public problematic.
>
>     All in all, I am afraid that [Plaintiff] is quite unemployable.

TR. 675-676. The ALJ gave "no weight" to Dr. Stroller's opinion. TR. 25. The ALJ reasoned that:

> [Dr. Stroller's] opinion depends heavily on the claimant's anxiety disorder rather than her physical impairments. Yet, he never performed a full mental evaluation or serve [sic] as her mental health provider. He was her primary care physician for her physical problems. She had a separate provider for her mental condition at Sunrise Services. . . [Dr. Stroller's] opinion also relies heavily on her self-reports to him given the lack of comprehensive mental evaluations. I do not accept her allegations regarding her anxiety for the reasons I discuss above (e.g. minimal medication and her activities like playing pool, traveling, going to bars, camping, and gambling at casinos), and his reliance on her self-reports undermines the validity of his opinion.

TR. 25.

The ALJ erred in rejecting Dr. Stoller's opinion regarding Plaintiff's mental health limitations. The ALJ's assertion that Dr. Stroller did not perform a mental evaluation or serve as Plaintiff's mental health provider is belied by the record. For example, the record indicates that after examining her in the fall of 2013, Dr. Stroller assessed Plaintiff as having an "anxiety disorder" and refilled her prescription for Alprazolam, which is used to treat anxiety and panic disorders. TR. 445-446. Moreover, at the time of his December 2015 opinion, Dr. Stroller had been treating Plaintiff for around 10 years, since 2005, but not all his treatment records are in the record before the Court. The earliest of Dr. Stroller's records is from 2012. The ALJ's criticism of Dr. Stroller's failure to perform a "full mental evaluation" may simply be because such evaluations were performed early on in his treatment of her, but those records are not included here. Such ambiguity trigger's an ALJs duty to supplement the record. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered" in social security cases. *Id.* Further, while Plaintiff was seeing counselors at Sunrise Services, Inc. ("Sunrise") for the provision of regular mental health counseling (she began going to Sunrise in April of 2012 TR. 400), at the time of Dr. Stroller's December 20, 2015 opinion, he was still managing her mental health medication and was helping her explore using a service dog for her anxiety and panic attacks (TR. 631-632). The record indicates that he had performed some mental examinations and was, in part, providing her mental health care.

      Further, the ALJ's contention that Dr. Stroller's opinion relies heavily on Plaintiff's self-reporting and that Plaintiff's allegations regarding her anxiety are not credible, is not a basis to discount Dr. Stroller's opinion. As to the use of medication, Dr. Stroller explains in his December 20, 2015 opinion that Plaintiff is unable to take certain medications to control her

anxiety because of her need to be vigilant in attempting to control her diabetes. Moreover, her testimony about her daily activities is not sufficient to discount Dr. Stroller's partial reliance on her self-reporting. Daily activities may be grounds for an adverse credibility finding if a claimant "is able to spend a substantial part of [their] day engaged in pursuits" involving the performance of functions that are transferable to a work setting. *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). There is no showing that Plaintiff's everyday activities are grounds for an adverse credibility finding regarding her anxiety symptoms because there is no evidence she is able to "spend a substantial part" of her day engaged in pursuits involving the performance of functions that are transferable to a work setting. Further, Dr. Stroller does not question her credibility. There is substantial evidence in the record from Sunrise confirming his diagnosis and findings.

The ALJ further found that "[t]here are a number of inconsistencies between [Dr. Stroller's] written opinion and treatment notes." TR. 25. As support for this reasoning, the ALJ cites first to Exhibit B12F/1 in saying that: "[Dr. Stroller] stated that her left carpal tunnel syndrome improved 'drastically,' which was not characterized as such in his opinion." TR. 25. The record to which the ALJ refers is a progress note from Samuel Cote Lien, M.D. (not Dr. Stroller), dated November 11, 2015, and was a report by Plaintiff right after Plaintiff had surgery. TR. 622. This was not Dr. Stroller's record, and does not necessarily conflict with his findings.

The ALJ also argued that while Dr. Stroller found that Plaintiff's blood sugar fluctuates widely, Dr. Stroller "failed to explain how this related to her choices with respect to diet, glucose monitoring, alcohol consumption, and other treatment recommendations to which she failed to adhere." TR. 25. Further, the ALJ pointed to Dr. Stroller's September 11, 2015 treatment note

in which he assessed Plaintiff with: "Type I diabetes without complications . . . doing well with pump and remarkably well controlled glucose" (TR. 640). Tr. 25. Neither of these reasons provide a basis to reject Dr. Stroller's opinion that Plaintiff's blood sugar fluctuates widely. Dr. Stroller was aware of Plaintiff's mental health problems and her difficulties in self-care regarding her diabetes. His notation that she was doing well with the newly installed pump, "must be read in context of the overall diagnostic picture' the provider draws," *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014), which is one of poor blood sugar control.

The ALJ further discounted Dr. Stroller's opinion stating, "[t]he fact that [Dr. Stroller] described her anxiety as the most disabling (and in turn associated her inability to work primarily with anxiety) illustrated that he was aware of her improvement in her physical problems. Overall, [the ALJ does] not view his statement as a reliable or accurate source of information." TR. 25. The ALJ misconstrues Dr. Stroller's statements; Dr. Stroller stated that her anxiety was the most difficult to manage, but described her diabetes as "the primary disabling illness."

The ALJ further erred in failing to address Dr. Stroller's opinion that Plaintiff "would miss quite a bit of work because of decompensations and deteriorations."

**Remand for Further Proceedings**. "When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017)(*as amended on January 25, 2018*). Where an ALJ improperly rejects a medical opinion "without providing legally sufficient reasons, the reviewing court may grant a direct award of benefits when certain conditions are met. The three-part analysis for such conditions is known as the "credit-as-true" rule." *Id.*

First, the court considers whether "the ALJ has failed to provide legally sufficient reasons

for rejecting the evidence, whether claimant testimony or medical opinion." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014)(*internal citations and quotation marks omitted*). Second, if the ALJ erred, the court determines "whether there are outstanding issues that must be resolved before a determination of disability can be made and whether further administrative proceedings would be useful." *Id.,* at 1101 (*internal citations and quotation marks omitted*). Third, if no outstanding issues remain and further proceedings would not be useful, the court may apply the credit as true rule, "finding the relevant testimony credible as a matter of law," and then determine "whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Id.* (*internal citations and quotation marks omitted*).

When all three elements of the credit-as-true rule are satisfied, a case raises the rare circumstances that allow a court to exercise discretion to depart from the ordinary remand rule. *Treichler*, at 1101. Even when those "rare circumstances are present, the decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id.,* at 1101-02 (*citing Harman v. Apfel*, 211 F.3d at 1178 (holding that the exercise of authority to remand for benefits "was intended to be discretionary and should be reviewed for abuse of discretion")).

**Part One – Has the ALJ Failed to Properly Assess the Medical Evidence and the Claimant's Testimony?**

**Assessment of Medical Evidence**. As above, the ALJ erred in the treatment of the medical evidence. Particularly where the ALJ has failed to properly assess all the medical evidence, his rejection of Plaintiff's symptom testimony, based in part on her activities of daily living, was in error.

### Part Two – Are There Outstanding Issues Regarding the Medical Evidence or Plaintiff's Testimony to Resolve before a Decision?

"Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time." *Treichler,* at 1101 (*internal citations and quotation marks omitted*). Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate. *Id.*

This case should be remanded for further administrative proceedings. There are conflicts and ambiguities in the medical evidence. The ALJ failed to properly consider the opinion of Dr. Stroller, whose opinions are, in part, contradicted. Further administrative proceedings are needed because the record is not fully developed (Dr. Stroller's earlier treatment records, for example) and there are conflicts and ambiguities in the medical evidence. Further, Plaintiff's testimony should be reassessed after the full analysis of the all the medical evidence. Additional testimony regarding Plaintiff's activities of daily living may be helpful to determine whether they exceed her alleged limitations. "[P]resentation of further evidence may well prove enlightening in light of the passage of time." *Treichler,* at 1101 (*internal citations and quotation marks omitted*). Further administrative proceedings would be useful and are necessary.

### Part Three – If the First Two Parts Are Met and the Medical Evidence and Testimony is Credited as True, Does the Record "Leave Not the Slightest Uncertainty as to Outcome?"

Only when the first two parts are met (the ALJ erred and no further administrative proceedings would be useful), then the court should determine "whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Leon*, at 1044 (*internal citation and quotation marks omitted*).

The second part of the test for a remand for an immediate award of benefits was not met – there is conflicting evidence in the record and additional factual development is necessary – so further administrative proceedings are necessary. Accordingly, the court need not reach whether the "record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Leon*, at 1044 (*internal citation and quotation marks omitted*). Courts "have frequently exercised . . . discretion to remand for further proceedings, rather than for benefits." *Treichler,* at 1102. The undersigned will do the same.

**Errors Not Harmless**. The ALJ failed to properly assess the medical evidence, and as a consequence, it is unclear whether the assessment of Plaintiff's residual functional capacity and the questions to the vocational expert accurately reflected all Plaintiff's limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Accordingly, the Commissioner failed to meet the burden of showing that there were other jobs in the national economy that Plaintiff could perform on a regular and sustained basis in light of his residual functional capacity. The Commissioner has failed to carry her burden at step five.

**Conclusion.** The matter should be remanded to the Commissioner for reassessment of the medical evidence and for further proceedings consistent with this opinion.

Accordingly, it is hereby **ORDERED** that:

- The Commissioner's decision is **REVERSED** and the case is **REMANDED** for reassessment of the medical evidence and for further proceedings consistent with this opinion**.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of May, 2018.

*Robert J Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER REVERSING DECISION AND
REMANDING CASE- 11